UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VISION TECHNOLOGIES MARINE, INC. § § § | CIVIL ACTION NO. |
| VERSUS § § § | JUDGE _____ |
| M/V DONNA J. BOUCHARD AND BARGE 272, apparel, appurtenances, etc., *in rem* § § § § § | |
| BOUCHARD TRANSPORTATION CO., INC. § *In personam* § § | MAGISTRATE _____ § |

## VERIFIED COMPLAINT AND REQUEST FOR ORDER TO ARREST VESSELS

Pursuant to Federal Rule of Civil Procedure 9(h) and Supplemental Admiralty Rules B, and C, Plaintiff, Vision Technologies Marine, Inc. ("VT Marine") files this Verified Complaint against the M/V DONNA BOUCHARD and Barge 272 *in rem* and her disponent owners Bouchard Transportation Co. Inc., (hereafter "Bouchard") *in personam,* seeking damages and enforcement of its maritime lien against the M/V DONNA J. BOUCHARD and Barge 272, *in rem*. VT Marine alleges upon information and belief as follows:

### I. PARTIES

1. Plaintiff is Vision Technologies Marine, Inc. ("VT Marine"). At all material times, VT Marine was and is a corporation with its principal place of business in Pascagoula, Mississippi.

2. Defendant Bouchard Transportation Co., Inc., is a corporation organized and existing under the law of New York, with its principal offices located in Melville, New

1

York.  Service of process may be made by serving Morton S. Bouchard III at 48 South Service Rd, Suite 150, Melville, New York, 11747.

3.  The M/V DONNA J. BOUCHARD (IMO #9753181) is a towing vessel which is currently located within the District, and more particularly at Point Michele Anchorage, located at Mile Marker 41.5 of the Mississippi River, near the Port of Belle Chase, Louisiana.

4.  The Barge B. 272 is a vessel which is paired and traveling with the M/V DONNA J. BOUCHARD, which is currently located within the District and more particularly at Point Michele Anchorage, located at Mile Marker 41.5 of the Mississippi River, near the Port of Belle Chase, Louisiana.

5.  The M/V DONNA J. BOUCHARD and Barge 272 constitute an articulated tug barge unit, with the Barge 272 acting as the tank vessel and the M/V DONNA J. BOUCHARD acting as the tug boat, propelling and maneuvering the barge.  The M/V DONNA J. BOUCHARD is positioned into a notch in the stern of the barge.  They are built in tandem and are meant to operate in tandem.

## II.   JURISDICTION AND VENUE

6.  This Complaint presents maritime claims within the meaning of Federal Rule of Civil Procedure 9(h) and Supplemental Admiralty Rules B and C.

7.  This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1333.

8.  Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3) and Supplemental Admiralty Rules B and C.

## III. FACTS

8. VT Marine is a shipbuilding company which engages in ship design, construction, and repair for both public and private clients.

9. Bouchard is a barge company which owns and operates vessels for the purpose of transportation of petroleum and other materials.

10. Bouchard has engaged VT Marine for the construction and repair of many of its vessels.

11. On November 21, 2018, VT Marine and Bouchard executed a Master Service Agreement ("MSA") under which VT Marine agreed to provide goods and services to Bouchard pursuant to Work Orders. *See* Master Service Agreement, attached as Exhibit A.

12. Paragraph 7 of the MSA provides that if Bouchard fails to make payment on the due date, then VT Marine shall be entitled to charge Bouchard a rate of 3% interest until payment in full is made. *See* Exhibit A, ¶7.

13. Paragraph 25 of the MSA provides that any disputes arising out of the MSA shall be resolved in the United States District Court for Southern District of Mississippi. *See* Exhibit A, ¶25.

14. Bouchard engaged VT Marine to perform repairs and provide necessaries to the M/V DONNA J. BOUCHARD and Barge 272.

15. VT Marine performed various repairs, labor, and materials to the M/V DONNA J. BOUCHARD and Barge 272, and the work was billed through Invoices V0730001, V0730002, and V0740001. *See* Invoices, attached as Exhibits B, C, and D.

16. A summary of the invoices is as follow:

| Vessel(s) Name | Invoice # | Date of Invoice | Due Date | Amount Due on Invoice | Interest Due | Total Due |
|---|---|---|---|---|---|---|
| DONNA J. BOUCHARD | V0730001 | 3/15/2019 | 4/14/2019 | $ 79,442.00 | $ 595.82 | $ 80,037.82 |
| DONNA J. BOUCHARD/B 272 | V0730002 | 3/15/2019 | 4/14/2019 | $ 20,540.00 | $ 154.05 | $ 20,694.05 |
| BARGE 272 | V0740001 | 3/15/2019 | 4/14/2019 | $ 85,640.00 | $ 642.30 | $ 100,731.87 |
| | | | | | Total Due | $ 201,463.74 |

*See* Exhibits B, C, and D.

17. Attached as Exhibits B, C, and D are true and accurate copies of VT Marine's Invoices V0730001, V0730002, and V0740001. *See* Exhibits B, C, and D.

18. These invoices reflect necessaries provided and work performed on or for the benefit, the M/V DONNA J. BOUCHARD, Barge 272, and Bouchard. The charges shown in Exhibits B, C, and D were specifically requested, agreed to, and are fair and reasonable for the work performed and the materials and supplies furnished to the M/V DONNA J. BOUCHARD, Barge 272, and Bouchard.

19. The labor and repairs performed by VT Marine to the M/V DONNA J. BOUCHARD and Barge 272 included repairing reach rods, fuel tank leak, leaking ball valves, replacing broken pipes, re-welding brackets, installing rod props, replacing temporary repairs, and repairing leaking exhaust. *See* Exhibits B, C, and D.

20. VT Marine provided supplies to the vessels including potable water, line handlers, trash services, and disposal of other trash. *See* Exhibits B, C, and D.

21. On June 3, 2019, VT Marine made formal demand upon Bouchard to provide payment on the Invoices. *See* 6/3/2019 Letter to Morton Bouchard, attached as Exhibit E.

22. No payments have been made by Bouchard to VT Marine.

23. Bouchard has failed to make proper payment for the labor, materials, equipment, and repairs provided to the M/V DONNA J. BOUCHARD and Barge 272 despite VT Marine's repeated demands upon Bouchard for payment due.

24. As reflected in paragraph 15 and Exhibits B, C, and D, VT Marine has provided in excess of $185,622.00 in necessaries and services to the M/V DONNA J. BOUCHARD and Barge 272. Those necessaries and services include work, labor, and materials provided to the vessel. This includes interest on the outstanding payments at a rate of 3%, which brings the total outstanding amounts due to $201,463.74. Interest continues to accrue.

25. VT Marine accordingly has a maritime lien against the M/V DONNA J. BOUCHARD and Barge 272 for the full amounts due under the MSA, and under Invoices V0730001, V0730002, and V0740001, and for all necessaries and services provided those vessels and seeks an order of arrest of M/V DONNA J. BOUCHARD (IMO #9753181) and Barge 272, including its engines, tackle, equipment, apparel, etc, *in rem*, in accordance with Supplemental Rule C.

## IV.  CAUSES OF ACTION

### BREACH OF CONTRACT

26. VT Marine incorporates and restates all foregoing allegations as if copied here *in extenso*.

27. VT Marine and Bouchard entered into an MSA for the provision of goods and services to the M/V DONNA J. BOUCHARD and Barge 272. VT Marine performed

its obligations under the MSA. Bouchard, however, has not performed its contractual obligations by failing to pay for the goods and services provided and accepted on behalf of the M/V DONNA J. BOUCHARD and Barge 272. Bouchard's non-performance is a breach of the parties' agreement. As a result of this breach, Bouchard owes the amounts due per the Invoices, in addition to penalties and interest. As of June 17, 2019, Bouchard owes $201,463.74 for the work performed on the $201,463.74.

## RULE B ALLEGATIONS

28. VT Marine incorporates and restates all foregoing allegations as if copied here *in extenso*.

29. Bouchard's breach of the MSA and Invoices by failing to make payments due on the Invoices give rise to an *in personam* claim for breach of contract in favor of VT Marine for all damages caused by said breach and/for which VT Marine is or will become liable.

30. Upon information and belief, damages have been outlined in paragraph 15 and are detailed in Exhibits B, C, and D.

31. Upon information and belief, and after investigation, neither Bouchard nor its officers or principals can be found within this judicial district for the purposes of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims.

32. Although Bouchard cannot be found within the District, it does own goods, chattel or other proper that is now that is now, or will soon be, within the jurisdiction of this Honorable Court. Specifically, VT Marine avers on information and belief that

Bouchard owns the M/V DONNA J. BOUCHARD and Barge 272, which is currently within this District.

33. VT Marine has brought suit for breach of contract against Bouchard in the United States District Court for Southern District of Mississippi, which is required by the terms of the MSA.

34. VT Marine moves this Court to issue a Warrant Arresting the M/V DONNA J. BOUCHARD and Barge 272 to secure any judgment rendered in the judicial proceedings to be initiated against Bouchard for its causes of action for breach of contract.

## RULE C ALLEGATIONS

35. VT Marine incorporates and restates all foregoing allegations as if copied here *in extenso.*

36. The breach of the MSA and failure to make payments on Invoices V0730001, V0730002, and V0740001 gives rise to a maritime lien under the general maritime law and/or other applicable law, and entitles VT Marine to a Warrant of Arrest of the M/V DONNA J. BOUCHARD and Barge 272, pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rule of Civil Procedure in the full amount of the claim as set forth herein.

## ATTORNEY'S FEES

37. As a result of Bouchard's breach, and its failure and refusal to pay for the goods and services provided, VT Marine has been forced to retain legal counsel and seeks

reimbursement for its reasonable attorney fees as provided for in the MSA and as required by the laws of the Honorable Court.

## V. PRAYER FOR RELIEF

38. For these reasons, VT Marine requests the following:

   a. That this Verified Complaint be deemed good and sufficient;

   b. That process in due form of law, according to the practice of this Court in cases of admiralty jurisdiction issue against Bouchard Transportation, Co., Inc., *in personam*, citing it to appear and answer this Verified Complaint;

   c. That process according to the rules and practices of this Court in causes of admiralty and maritime jurisdiction, particularly Rules B and C of the Supplemental Rules for Certain Admiralty and Maritime Procedures of the Federal Rules of Civil Procedure may issue against the M/V DONNA J. BOUCHARD (IMO #9753181) and Barge 272, her engines, tackle, boilers, equipment, appurtenances, etc., and other property aboard said vessel, *in rem*;

   d. That pursuant to Supplemental Admiralty Rule C, this Court issue an Order directing the clerk of Court to issue a Warrant of Maritime Arrest, arresting the M/V DONNA J. BOUCHARD (IMO #9753181) and Barge 272, their apparel, equipment, engines, freight, tackle, etc.

e. That the M/V DONNA J. BOUCHARD (IMO #9753181) and Barge 272 be condemned and sole free and clear of all liens and encumbrances to pay VT Marine's claims, and that all persons claiming interest in same be cited to appear, and, pursuant to the Federal Rules of Civil Procedure, answers the matters alleged in the Verified Complaint;

f. That a judgment be entered in favor of VT Marine, Inc. against the M/V DONNA J. BOUCHARD (IMO #9753181) and Barge 272, *in rem*, and against Bouchard Transportation Co., Inc., *in personam*, for the amounts due and owing of at least $201,463.74 together with post judgment interest, costs of suit and attorneys' fees; and

g. That Plaintiff have such further and different relief as the Court may deem just and proper.

Respectfully submitted,

/s/ David S. Bland

David S. Bland, T.A., #1257
dbland@blandpartners.com
Mallory G. Wynne, #33851
mwynne@blandpartners.com

GORDON & REES
909 Poydras Street, Suite 1860
New Orleans, LA 70112
504-528-3088
504-586-3419 (fax)

*Attorneys for VT Marine, Inc.*

PLEASE SERVE:

- M/V DONNA J. BOUCHARD and Barge 272, *in rem*, Vessel is located at Point Michel Anchorage, Mile 41.5, Mississippi River, Belle Chase, Louisiana

- Bouchard Transportation Co., Inc., *in personam,* by serving Morton S. Bouchard III at 48 South Service Rd, Suite 150, Melville, New York, 11747.

# VERIFICATION

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came and appeared:

**MALLORY G. WYNNE**

who was deposed and said that she is an partner of the firm of Gordon Rees Skully Mansukhani., counsel for plaintiff herein, that she has read the above and foregoing Verified Complaint and knows the contents thereof and believes that the same are true and correct to the best of her knowledge and belief; that the sources of her knowledge and the grounds for her belief are various documents furnished and statements made to her by representatives of plaintiff, and that the reason this verification is made by deponent and not by plaintiff is that plaintiff is a corporation, no officer of which is presently within this district.

_____
MALLORY G. WYNNE

SWORN TO AND SUBSCRIBED before me this _____ day of July, 2019.

_____
NOTARY PUBLIC